# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA GUTIERREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:18-cv-01279 EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8).

　　　　At a hearing on October 10, 2019, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

**I.     Whether the ALJ Erred in Weighing the Opinion of the Consultative Examiner**

Plaintiff first challenges the ALJ's decision on the basis that "the ALJ erred by relying on the unsupported, unexplained opinion of a non-examining expert, rather than the well-supported opinion of the consultative examiner, who opined Plaintiff does not have the ability to sustain an 8-hour workday." (ECF No. 14, at p. 1).

In weighing medical source opinions in Social Security cases, there are three categories of physicians: (i) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons that are supported by substantial evidence for rejecting the uncontradicted opinion of a treating or examining doctor. *Id.* at 830–31; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ cannot reject a treating or examining physician's opinion in favor of another physician's opinion without first providing specific and legitimate reasons that are supported by substantial evidence. *Bayliss*, 427 F.3d at 1216; 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding it not improper for an ALJ to reject a treating physician's opinion that is inconsistent with the record).

Here, the ALJ discussed the examining consulting physician, Dr. Damania's, opinion in two places.  In the context of the step two analysis to determine whether Plaintiff has any medically determinable impairments that are severe, the ALJ stated as follows:

> On August 31, 2016, the claimant identified herself to consultative internist Rustom Damania, M.D. by displaying her California driver's license.  The claimant contended that she could not stand for more than a half an hour due to low back pain, and her grip strength measurements were only 5 lbs. with her right hand and no weight at all with her left hand.  However, the examination itself had found normal motor strength with good musculoskeletal range of motion, grossly intact sensation, and equal reflexes.  Based then apparently on a combination of the examination findings and the claimant's subjective complaints, Dr. Damania assessed the claimant with Cushing's Syndrome, status-post pituitary adenoma post-surgery, osteoporosis, lumbar stenosis, old fractures of the vertebrae, possible

cirrhosis/liver problem from longstanding fatty liver, fatigue, and fibromyalgia. Ex. 12F. The undersigned notes that osteopenia is the claimant's diagnosed condition, and not the more severe, osteoporosis. Further, as explained above, there is insufficient medical evidence to support a clinical diagnosis of fibromyalgia. In addition, radiographs have shown only "mild" central canal stenosis at once disc space level and without nerve root compression or impingement, and Dr. [] Damania did not question the discrepancy between the claimant's nearly absent grip strength results and her normal and full signs of muscle strength on examination. Dr. Damania even adds a finding of "visual limitations" for the claimant, Exh. 12F, without considering that she had displayed a driver's license as ID.

(A.R. 35). Additionally, the ALJ stated as follows regarding Dr. Damania's opinion in the context of step four, regarding Plaintiff's residual functional capacity:[1]

> Less reliance is accorded to the consultative physician's RFC . . . because some of these specific limitations such as a restriction to sitting for less than 4 hours total in an 8-hour workday have no medical foundation in the record. Therefore, like the reference to the claimant's visual limitations, this limitation appears to have been disproportionately based on the claimant's subjective complaints without objective medical or clinical findings in the record or consulting examination for objective support.

(A.R. 36).

As discussed at the hearing, while Dr. Damania examined Plaintiff, the findings from the examination were mostly normal. The critical limitations that "[t]he claimant can stand and walk less than four hours out of an eight hour work day" and "[t]he claimant can sit less than four hours out of an eight hour work day," do not appear based on the examination itself. Thus, the additional weight accorded an examining physician has less relevance here. With this in mind, and given that the ALJ's opinion was supported by the non-examining consultative examiner, the Court finds that the ALJ's reasons for the weight given to Dr. Damania's opinion were legally sufficient.

\\\
\\\

---

[1] The ALJ referred to Exhibits 9F and 10F in this paragraph, which do not correspond to Dr. Damania's opinion. At oral argument, both parties confirmed that this was a typographical error, and that the ALJ was referring to Dr. Damania's opinion, which is Exhibit 12F of the record.

**II.     The ALJ's Treatment of Plaintiff's Subjective Symptom Testimony**

Plaintiff next claims the "ALJ failed to include work-related limitations in the RFC consistent with the nature and intensity of Ms. Gutierrez's symptoms, and failed to offer any reason for discounting her symptoms of fatigue." (ECF No. 14, at p. 1).

As to subjective testimony, the Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony ... simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). Given that there is objective medical evidence of an underlying impairment, the Court examines whether the ALJ rejected Plaintiff's subjective symptom testimony by offering specific, clear, and convincing reasons.

The ALJ stated as follows regarding Plaintiff's subjective symptoms:

> The claimant contends quite significant limitations in standing and walking, yet she does not use a cane or walker. The claimant wears a back brace but stated that she was not wearing one when she came to the hearing. The claimant alternated between sitting and standing during her hearing, as if either position caused her significant pain after relatively short periods of time. However, the record does not document any significant neurological deficits, but instead repeatedly confirmed that the claimant maintained full ('5/5') motor strength with intact sensation and equal reflexes. Despite this lack of neurological signs, the claimant alleged during the hearing that she could not wear clothes with buttons or zippers because she was unable to close them. Again, while the claimant demonstrated only 5 lbs. of grip strength at the consulting examination in her right hand and no weight at all with her left hand, Ex. 12F, these measurements are contradicted by the claimant's normal motor strength, good musculoskeletal range of motion, and grossly intact sensation findings on this same examination. It is noted that the results of grip strength test are subjective in nature since they depend upon the claimant's exertion for the task.
>
> The claimant testified that she takes "a lot of pain medications" that makes her

4

vomit and then she cannot eat. Yet, the record does not document the claimant having made these complaints regularly to her treating gastroenterologist.

(A.R. 38).

However, regarding Plaintiff's complaint of fatigue in particular, the ALJ wrote:

> [A]lthough subjectively reporting fatigue so severe that the claimant needs to sit up in bed for an hour or two each morning before being able to get out of bed, the record does not document a diagnosis of chronic fatigue syndrome that would satisfy the specific criteria of SSR 14-1p(II(A)(2). As with fibromyalgia, there are possibly other explanation for the claimant's reported fatigue including that she has often taken as many as 13 different medications daily. As these other causes have not been ruled out, and the record does not document a regularly diagnosed chronic fatigue syndrome impression, it cannot be considered a medically determinable impairment for purposes of this decision.

(A.R. 32). Plaintiff claims that this reasoning is insufficient because the ALJ did not provide clear and convincing reasons for discounting Plaintiff's subjective symptoms about fatigue in particular. Defendant, in contrast, claims that this reasoning was legally sufficient given the detailed reasons for discounting Plaintiff's subjective symptoms as a whole.

The Court finds that the ALJ's reasoning was legally sufficient. The ALJ need only provide clear and convincing reasons for rejecting the claimant's testimony about the severity of her symptoms—not clear and convincing reasons for rejecting the claimant's testimony about each of those individual symptoms. The ALJ's opinion was otherwise supported by substantial evidence including the opinion of a consulting physician. (Exh. 10F)

### III. Conclusion

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **October 11, 2019**  /s/ Eric P. Gross

UNITED STATES MAGISTRATE JUDGE